UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG - 5 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

KEVIN BALLANCE, )
)
Petitioner, )
)
v. ) Civil Action No. 10-0864
)
CARLTON L. PEEPLES, *et al.*, )
)
Respondents. )

## MEMORANDUM OPINION

This matter comes before the Court on review of petitioner's application to proceed *in forma pauperis* and his *pro se* petition for a writ of mandamus. The Court will grant the application and deny the petition.

Petitioner is a Virginia state prisoner, Compl. at 1, and he seeks a writ of mandamus to compel the Director and the Chief of the Criminal Investigative Division of the Federal Bureau of Investigation to investigate the criminal conspiracy described in his complaint, *see generally id.* at 5-26.

Mandamus relief is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). The party seeking mandamus has the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)). Where the action petitioner seeks to compel is

discretionary, he has no clear right to relief and mandamus therefore is not an appropriate remedy. *See, e.g., Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Petitioner does not establish any of these elements.

As the Supreme Court recognizes, "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985). Petitioner cannot compel a criminal investigation by any law enforcement agency by means of a writ of mandamus. *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141-42 (11th Cir. 1987) (per curiam) ("First, a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another," and "[s]econd, prosecutorial discretion may not be controlled by a writ of mandamus."); *Jafree v. Barber* 689 F.2d 640, 643 (7th Cir. 1982) (affirming dismissal of mandamus petition on the ground that court cannot compel "[i]nitiation of a criminal investigation by the F.B.I.," which "is clearly a discretionary act"); *Stamper v. United States*, No. 1:08 CV 2593, 2008 WL 4838073, at *3 (N.D. Ohio Nov. 4, 2008) ("Mandamus cannot be used to compel the Attorney General or the United States Attorney to conduct investigations or prosecute alleged civil rights violations.").

An Order consistent with this Memorandum Opinion is issued separately.

/s/ _____
United States District Judge

DATE: 7/28/10